IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No.: 21-cv-20546

JASMINE SHIPP, on behalf of herself
and all other similarly situated individuals

    PLAINTIFF,

v.

MGB CATERING, INC.
d/b/a MINT LOUNGE

    DEFENDANT.
_____/

## CLASS AND COLLECTIVE ACTION COMPLAINT

1. This is a class and collective action brought by Plaintiff Jasmine Shipp ("Plaintiff") against Defendant MGB Catering, Inc. d/b/a Mint Lounge (hereafter "Mint Lounge" or "Defendant").

2. The class and collective is composed of female employees who, during the relevant period of February 2016 through the date of judgment in this case ("the relevant period"), worked as exotic dancers for Defendant and were denied their fundamental rights under applicable state and federal laws.

3. Specifically, Plaintiff complains that Defendant misclassified Plaintiff and all other members of the class and collective as "independent contractors.

4. As a result, Defendant failed to pay Plaintiff and all other members of the class and collective minimum wage compensation to which they were entitled under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").

5. As a further result, Defendant failed to pay Plaintiff and all other members of the class minimum wage compensation to which they were entitled under the Florida Minimum Wage Act, Title XXI, Chapter 448.110 and Florida Constitution Article X Section 24 ("FMWA").

6. Plaintiff brings this class and collective action against Defendant seeking damages, back-pay, restitution, liquidated damages, prejudgment interest, reasonable attorney's fees and costs, and all other relief that the Court deems just, reasonable and equitable in the circumstances.

## PARTIES AND JURISDICTION

7. Plaintiff is an adult *sui juris* and resident of Miami Gardens, Florida.

8. Plaintiff hereby affirms her consent to participate as a plaintiff and class representative in a class and collective action under the FLSA.

9. Plaintiff hereby affirms her consent to participate as a plaintiff and class representative in a class action under the FMWA.

10. On January 13, 2021, Plaintiff served Defendant with a pre-litigation FMWA Notice Requirement under Fla. Stat. § 448.110(6)(b) ("the Notice"), a copy of which is attached hereto as Exhibit "A."

11. In the Notice, Plaintiff presented Defendant with a description of the factual and legal nature of the claims of Plaintiff and the FMWA class and presented Defendant with a monetary settlement demand for the individual claims of Plaintiff and a monetary settlement demand for the resolution of the claims of the entire FMWA class.

12. More than fifteen (15) calendar days has passed since the date of service of the Notice and Defendant has not accepted or otherwise responded to Plaintiff's individual or class settlement demand set forth in the Notice.

13. Mint Lounge is a corporation formed in the State of Florida that operates as the Mint Lounge Strip Club featuring female exotic dancers at the address 2510 NW 187th Street, Miami Gardens, Florida 33056.

14. During the relevant period, Mint Lounge qualified as Plaintiff's employer, and the employer of all other exotic dancers at the Mint Lounge, within the meaning of the FLSA.

15. During the relevant period, Mint Lounge qualified as Plaintiff's employer, and the employer of all other exotic dancers at the Mint Lounge, within the meaning of the FMWA.

16. During the relevant period, Mint Lounge had gross revenue and sales exceeding $500,000.00, sold beer, wine, alcoholic beverages, colas, and food that passed in interstate commerce and otherwise qualified as an "enterprise engaged in commerce" under the FLSA.

17. This Court has personal jurisdiction over Mint Lounge, has "federal question" subject matter jurisdiction of the claims pursuant to 28 U.S.C. § 1331, has supplemental jurisdiction over the interrelated FMWA state law claims, and venue is proper pursuant to 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

18. Plaintiff was employed by Defendant as an exotic dancer at its Mint Lounge strip club in Miami Gardens, Florida during the period of about January 2019 through about June 2020.

19. During the period of Plaintiff's employment, Plaintiff typically worked four to five shifts per week.

20. During the period of Plaintiff's employment, each shift Plaintiff worked typically lasted about six to seven hours.

21. During the period of Plaintiff's employment, Plaintiff typically worked about 30 to 35 hours per week.

22. On information and belief, Mint Lounge has possession of time and/or sign in "house fee" payment records for Plaintiff and all other exotic dancers employed by Defendant during the relevant period.

23. At all times, Mint Lounge had actual knowledge of all hours Plaintiff and all other exotic dancers worked each shift through sign in or tip-in sheets, DJ records, and shift-managers monitoring and by supervising Plaintiff' work duties and the work duties of other exotic dancers at the Mint Lounge.

24. At no time during Plaintiff's period of employment did Defendant ever pay Plaintiff or any other exotic dancers any wages for hours that Plaintiff and other exotic dancers worked each week.

25. At all relevant times, Defendant totally failed to pay wages or any kind of compensation to Plaintiff and all other exotic dancers for work duties performed.

26. At all relevant times, Defendant misclassified Plaintiff and all other exotic dancers at the Mint Lounge as independent contractors when these individuals should have been classified under the FLSA as employees.

27. At all relevant times, Defendant misclassified Plaintiff and all other exotic dancers at the Mint Lounge as independent contractors when these individuals should have been classified under the FMWA as employees.

28. At all relevant times, Defendant controlled or had the power and authority to control all aspects of the job duties Plaintiff and all other exotic dancers performed inside the Mint Lounge through employment rules and workplace policies.

29. At all relevant times, Defendant controlled or had the power and authority to control the method by which Plaintiff and all other exotic dancers could earn money inside the Mint

Lounge by establishing dance orders, setting customer prices on private and semi-private exotic dances, and setting private and semi-private dance specials and promotions for customers.

30. At all relevant times, Defendant required Plaintiff and other exotic dancers to perform private and semi-private dances under the pricing guidelines, policies, procedures, and promotions set exclusively by Defendant.

31. Defendant hired Plaintiff and all other exotic dancers and had the power, authority, and ability to discipline them, fine them, fire them, and adjust their work schedules.

32. Defendant, through supervisors and managers, supervised the duties of Plaintiff and all other exotic dancers to make sure their job performance was of sufficient quality.

33. Defendant conducted initial interviews and vetting procedures for Plaintiff and other exotic dancers and, at Mint Lounge's sole discretion, Mint Lounge's management and/or ownership could deny Plaintiff or any other dancer access or ability to dance and/or work at Mint Lounge.

34. At all relevant times, Defendant had the full right and authority to suspend or send Plaintiff or other exotic dancers home and away from Mint Lounge if Plaintiff or other dancers violated rules or policies or if Mint Lounge's ownership or management, at its discretion, did not want Plaintiff or any other dancer at Mint Lounge.

35. As a condition of employment with Defendant, Plaintiff and other dancers were not required to have or possess any requisite certification, education, or specialized training.

36. At all relevant times, Defendant was in the business of operating a strip club featuring female exotic dancers.

37. At all relevant times, it was the job duty of Plaintiff and each other exotic dancer to perform as exotic dancers for the entertainment of the Mint Lounge's customers.

38. In addition to failing to pay Plaintiff and all other exotic dancers any wages for hours worked, Defendant required Plaintiff and all other exotic dancers to pay Mint Lounge or its ownership or management a house fee or kickback of $15.00 to $60.00 directly to Defendant for each shift; a kickback or payment of $10.00 to Defendant's House Mom for each shift; and $10.00 to Defendant's DJ each shift.

39. At all times during the relevant period, Defendant regularly and customarily kept and/or assigned to management tips and gratuities Plaintiff and other exotic dancers received from customers.

40. On information and belief, Defendant, and its ownership and management, had actual or constructive knowledge that, for at least the past twenty (20) years, there have been ongoing or past litigation by exotic dancers against strip clubs like Mint Lounge in which the exotic dancers challenged the so-called independent contractor classification and otherwise sought to recover unpaid wages and damages under the FLSA state wage and hour laws.

41. On information and belief, Defendant, and its ownership and management, had actual or constructive knowledge that, for at least the past twenty (20) years, courts across the country in ongoing or past litigation have found that exotic dancers like Plaintiff and other exotic dancers at Mint Lounge were employees and not independent contractors and were owed minimum wage compensation under the FLSA and the FMWA.

42. For the entire period relevant to this action, Defendant has had actual or constructive knowledge Mint Lounge misclassified Plaintiff and other exotic dancers at the Mint Lounge as independent contractors instead of as employees and that Defendant's failure to pay wages and charging unlawful kickbacks to Plaintiff and other exotic dancers was in direct violation of the FLSA and the FMWA.

## CLASS ALLEGATIONS

43. Plaintiff brings this action individually and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

44. The Rule 23 Class is defined in this matter as all individuals who, at any time during the relevant period, worked as an exotic dancer at the Mint Lounge, were designated as an independent contractor, and were not paid minimum wage compensation as required by the FMWA (hereinafter, "the Class").

45. On information and belief, the Class are believed to exceed fifty (50) current and former exotic dancers at the Mint Lounge and is therefore so numerous that joinder of all members is impracticable.

46. There are questions of law and fact common to the Class that predominate over any questions solely affecting individual members, including, but not limited to:

   i. Whether Defendant violated the FMWA by classifying all exotic dancers at the Mint Lounge as "independent contractors" as opposed to employees and not paying them any wages;

   ii. Whether Defendant unlawfully required class members to split their tips with Defendant and and/or Defendant's managers;

   iii. Whether the monies given to dancers by patrons when they performed private and semi-private dances are gratuities or "service fees."

   iv. Whether Defendant violated the FMWA; and

   v. The amount of damages and other relief (including statutory liquidated damages) to which Plaintiff and the Class are entitled.

47. Plaintiff's claims are typical of those of the Class.

48. Plaintiff, like other members of the Class, was misclassified as an independent contractor and denied the right to wages and gratuities under the FMWA.

49. Defendant's misclassification of Plaintiff was done pursuant to a common business practice which affected all Class members in a similar way.

50. The named Plaintiff and the undersigned counsel are adequate representatives of the Class.

51. Given Plaintiff's loss, Plaintiff have the incentive and is committed to the prosecution of this action for the benefit of the Class.

52. Plaintiff has no interests that are antagonistic to those of the Class or that would cause them to act adversely to the best interests of the Class.

53. Plaintiff has retained counsel experienced in class and collective actions and, in particular, litigation of wage and hour disputes.

54. This action is maintainable as a class action under Fed. R. Civ. P. 23(b)(1), 23(b)(2), and 23(c)(4) because the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendant.

55. This action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class and because a class action is superior to other methods for the fair and efficient adjudication of this action.

## COLLECTIVE ACTION ALLEGATIONS

56. Plaintiff is pursuing this lawsuit as a collective action under FLSA Section 216(b) on behalf of herself and all other similarly situated individuals who at any time during the relevant

period worked for Defendant as an exotic dancer, were designated or classified by Defendant as an independent contractors, and were not paid minimum wage compensation as required by the FLSA (hereinafter, "the Collective").

57. Plaintiff and the members of the Collective are similarly situated because each was (1) improperly classified as an independent contractor; (2) was not paid any wages by Defendant for hours worked; (3) was a victim of tip theft whereby Defendant kept and/or assigned to management their tips and gratuities received from customers; (4) was required to pay per-shift house fee kickback to Defendant for each shift worked; and (5) was not paid wages at or above the Federal Minimum Wage of $7.25 for each hour worked.

58. Plaintiff's damages are substantially similar to other members of the Collective because, under the FLSA, each are owed (1) a return of all house fee kickback payments made to Defendant for each shift worked; (2) reimbursement of all tips and gratuities taken and/or assigned by Defendant and/or Defendant's management; (3) payment for all hours worked in an amount equal to the Federal Minimum Wage of $7.25 per hour; plus (4) statutory liquidated damages as provided by Federal law for Defendant's failure to pay minimum wage compensation as required by the FLSA.

59. On information and belief, Defendant has employed at least fifty (50) current and former exotic dancers at the Mint Lounge in the past three (3) years.

60. On information and belief, Defendant is in custody, possession, and control of identifying records relating to all current and former exotic dancers employed by Defendant at the Mint Lounge in the past three (3) years.

## COUNT I
## VIOLATION OF THE FLSA
**(Failure to Pay Statutory Minimum Wages)**

61. Plaintiff hereby incorporates the above alleged paragraphs by reference as if fully set forth herein.

62. The FLSA requires Defendant to pay Plaintiff and other similarly situated exotic dancers at an hourly rate at least equal to the Federal Minimum Wage.

63. The FLSA requires that Defendant allow Plaintiff and other similarly situated exotic dancers to keep all tips and gratuities received from customers.

64. As set forth above, Defendant failed to pay Plaintiff and other similarly situated exotic dancers at hourly rates in compliance with the FLSA federal minimum wage requirements.

65. Without legal excuse or justification, Defendant kept and/or assigned to management tips and gratuities received by Plaintiff and other exotic dancers and belonging to Plaintiff and other exotic dancers.

66. Defendant's failure to pay Plaintiff and other similarly situated exotic dancers as required by the FLSA was willful and intentional and was not in good faith.

WHEREFORE, Plaintiff, individually and on behalf of those similarly situated, pray for relief as follows:

    a. Permitting this case to proceed as a collective action under § 216(b) of the FLSA and ordering notice to the putative Plaintiff at the earliest opportunity to ensure their claims are not lost to the FLSA statute of limitations;

    b. Judgment against Defendant for failing to pay free and clear minimum wage compensation to Plaintiff and other similarly situated individuals as required by the FLSA;

    c. Judgment against Defendant for unlawfully taking and/or assigning tips and gratuities belonging to Plaintiff and other similarly situated individuals;

    d. Judgment that Defendant's violations of the FLSA minimum wage requirements were not the product of good faith on the part of Defendant;

    e. Judgment that Defendant's violations of the FLSA minimum wage requirements were willful;

    f. An award to Plaintiff and those similarly situated in the amount of all free and clear unpaid wages found to be due and owing to Plaintiff and each similarly situated individual;

    g. An award to Plaintiff and those similarly situated in the amount of all tips and gratuities unlawfully taken and/or assigned by Defendant and/or Defendant's management;

    h. An award of statutory liquidated damages in amounts prescribed by the FLSA;

    i. An award of attorneys' fees and costs to be determined by post-trial petition;

    j. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

    k. Such further relief as may be necessary and appropriate.

## COUNT II
## VIOLATION OF FLORIDA MINIMUM WAGE ACT
**(Failure to Pay Statutory Minimum Wage)**

67. Plaintiff hereby incorporates the above alleged paragraphs by reference as if fully set forth herein.

68. The FMWA requires Defendant to pay Plaintiff and other similarly situated exotic dancers at an hourly rate at least equal to the Florida Minimum Wage.

69. The FMWA requires that Defendant allow Plaintiff and other similarly situated exotic dancers to keep all tips and gratuities received from customers.

70. As set forth above, Defendant failed to pay Plaintiff and other similarly situated exotic dancers at hourly rates in compliance with the FMWA Florida minimum wage requirements.

71. Without legal excuse or justification, Defendant kept and/or assigned to management tips and gratuities received by Plaintiff and other exotic dancers and belonging to Plaintiff and other exotic dancers.

72. Defendant's failure to pay Plaintiff and other similarly situated exotic dancers as required by the FMWA was willful and intentional and was not in good faith.

WHEREFORE, Plaintiff, individually and on behalf of those similarly situated, pray for relief as follows:

a. Permitting Plaintiff's Class claims under the FMWA to proceed as a Class Action under Federal Rule of Civil Procedure 23;

b. Judgment against Defendant for failing to pay free and clear minimum wage compensation to Plaintiff and other similarly situated individuals as required by the FMWA;

c. Judgment against Defendant for unlawfully taking and/or assigning tips and gratuities belonging to Plaintiff and other similarly situated individuals;

d. Judgment that Defendant's violations of the FMWA minimum wage requirements were not the product of good faith on the part of Defendant;

e. Judgment that Defendant's violations of the FMWA minimum wage requirements were willful;

f. An award to Plaintiff and those similarly situated in the amount of all free and clear unpaid wages found to be due and owing to Plaintiff and each similarly situated individual;

g. An award to Plaintiff and those similarly situated in the amount of all tips and gratuities unlawfully taken and/or assigned by Defendant and/or Defendant's management;

h. An award of statutory liquidated damages in amounts prescribed by the FMWA;

i. An award of attorneys' fees and costs to be determined by post-trial petition;

j. Leave to add additional Plaintiff by motion, the filing of written consent forms, or any other method approved by the Court; and

k. Such further relief as may be necessary and appropriate.

Dated: February 9, 2021

Respectfully submitted,

*/s/ Dana M. Gallup*
Dana M Gallup
FL Bar No. 949329
Gallup Auerbach
4000 Hollywood Boulevard
Suite 265 South
Hollywood, Florida 33021
Phone: (954) 894-3035
Email: dgallup@gallup-law.com

Gregg C. Greenberg
MD Fed. Bar No. 17291
To be Admitted *Pro Hac Vice*
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Phone: (301) 587-9373
Email: greenberg@zagfirm.com

*Counsel for Plaintiff and the Class / Collective*